### Warren, receiver, &c. vs. Sprague.

The rule which prohibits a receiver from employing the solicitor of either of the parties to the suit, in which he is appointed receiver, is intended to protect the rights of the parties to such suit.

And if such parties make no objection, the receiver may employ the solicitor of either to aid him in the discharge of his trust.

A mere stranger to the suit has no right to object to the employment, by the receiver, of the solicitor of one of the parties to the original suit, to institute a new suit against such stranger.

This was an appeal from a decision of the vice chancellor of the first circuit, denying the defendant's application to take the complainant's bill off the files of the court, and allowing the complainant to substitute a new solicitor to prosecute this suit. The bill was filed by a receiver, who had been appointed in a creditor's suit between O. Ames, as complainant, and G. Wetherell and H. St. John, as defendants; and the only ground of objection to the bill in the present suit was, that it was prosecuted by the same solicitor who appeared for the complainant in the original suit, in which the receiver was appointed.

*J. M. Martin,* for the appellant.

*T. H. Rodman,* for the respondent.

The Chancellor. The only error in the order appealed from is that the application to take the bill off the files was not denied with costs; instead of requiring the complainant to appear by a new solicitor and to pay the costs of the defendant upon the motion. But that was an error in favor of the appellant, and of which he has, of course, no right to complain by

appeal. The rule which prohibits a receiver from employing the solicitor of either of the parties to the suit in which he is appointed receiver, is intended to protect the rights of those parties. And, if they have no objection, the receiver may employ the solicitor of either to aid him in the discharge of his trust. A mere stranger to that suit has no right to object, that the receiver has employed the solicitor of one of the parties, in the original suit, to institute a new suit against such stranger. The proceedings of the complainant, in filing this bill, were therefore strictly regular, so far as regards the defendant therein ; and the latter had no right to raise the objection that the solicitor employed by the receiver, to file the bill against him, was solicitor for the complainant in the suit in which such receiver was appointed.

The order appealed from, not being erroneous as to the appellant, must therefore be affirmed with costs.