## FASSETT a. TALLMADGE.

*Supreme Court, First District; At Chambers, November, 1860. Again, General Term, May, 1862.*

CONTEMPT.—DISOBEDIENCE OF JUDGMENT.—FRAUD AS A GROUND OF ARREST.—EXECUTION AGAINST THE PERSON.

The provision of 2 Rev. Stat., 278, § 8, subd. 3,—which authorizes the court to punish as for a criminal contempt persons guilty of wilful disobedience to a process or order lawfully issued or made,—does not authorize such punishment for non-compliance with a judgment directing the payment of money.

The grantee in a conveyance made in fraud of the grantor's creditors, is not liable, in an action brought to set aside the conveyance, to be arrested, on the ground of fraud in contracting the obligation to enforce which the action is brought (*Code*, § 149, subd. 4), at least where there is no evidence imputing to him actual bad faith.

Where judgment was recovered by the plaintiff in an action to set aside a conveyance, fraudulent as to creditors; and, on the return unsatisfied of an execution against property issued to collect from the grantee in the conveyance, money directed by the judgment to be paid, the plaintiff issued execution against the person without leave of the court,—*Held,* irregular.

Motion for an attachment in a case of contempt.

This action was brought by Elias Fassett against Samuel W. Tallmadge and others, to set aside a conveyance made by a debtor of the plaintiff to Tallmadge, on the ground that it was fraudulent and void as to creditors. The court adjudged the sale to Tallmadge fraudulent and void as against the plaintiff and all other creditors who should come in under the judgment, and directed Tallmadge to pay to a receiver appointed by the court a sum of money for the property so received by him. On

the failure of Tallmadge to pay over to the receiver as directed by the judgment, the plaintiff applied for an attachment, with the view of punishing him for a contempt of court.

*William C. Hornfager*, for the motion.

*Defendant, in person*, opposed.

MULLIN, J.—The motion is for an attachment against the defendant Tallmadge, for disobedience of a judgment in this court requiring him to pay over moneys found in his hands, and which ought to be paid over to the receiver.

It is claimed by the plaintiff's counsel that an attachment is, under the Revised Statutes, the proper process against any party who refuses or neglects to obey an order or judgment of the court.

The attachment alluded to is the process which courts are authorized to employ to punish those who are guilty of contemning its authority. It directs the imprisonment of the party, either for a definite term, or until the duty required to be done is performed.

The defendant was made a party to this suit, because it was charged that the other defendants had made to him a fraudulent assignment of their property, in order to reach such property or its proceeds. The fraud has been proved, and that the defendant Tallmadge held a large sum of money which he ought and which he has been required to pay over to the receiver.

Is this a contempt which the court is authorized to punish by imprisonment? It seems to me not; for if it is, then every disobedience of the judgment of the court requiring the payment of money must be also a contempt, without reference to the question whether it does or does not arise out of contract.

The Non-imprisonment Act applies to the Court of Chancery as well as to the courts of common law. And the statutes which prescribe the cases in which parties may be now imprisoned, apply to the court sitting in equity as well as when it is administering the common law.

Accordingly, it is provided by § 285 of the Code of Procedure, that when a judgment requires the payment of money or the delivery of real or personal property, the same can be enforced in those respects by execution as provided in this title. When

it requires the performance of any other act, a certified copy of the judgment may be served upon the party against whom it is given, or the person or officer who is required thereby, or by law, to obey the same, and his obedience thereto enforced.   If he refuse, he may be punished by the court as for a contempt.

This section provides a mode of enforcing every judgment. And there is neither reason nor necessity for resorting to attachment while the ordinary process of the court is amply sufficient.

Sections 289 and 290 of the Code regulate the form of the execution.

This defendant is, I presume, liable to be imprisoned on execution in this cause.   Fraud is charged and proved, and in such an action the body of the defendant may be arrested and imprisoned.   (3 *Rev. Stat.*, 126, § 1, et seq.; *Code*, § 179.)

But before an execution against the body can issue, an execution against the property must be returned unsatisfied in whole or in part.   (*Code*, § 288.)

This has not been done, and hence an execution against the body would be irregular.

The only provision of the Revised Statutes relating to contempts, under which it can be claimed an attachment in this case could issue, is subd. 3 of § 8, 3 Rev. Stat., 470, which provides that every court shall have power to punish, as for a criminal contempt, persons guilty of "wilful disobedience of any process or order lawfully issued or made by it."

This case does not fall within this subdivision.   In this case it is a judgment, not an order, of the court which has been disobeyed; and as the section of the Code has declared in what cases disobedience of a judgment is a contempt, and this not being one of them, I am quite clear that this motion cannot be granted.

The Court of Chancery moulded its process to meet the necessities of each case.   It was not bound down, as the courts now are, by a prescribed statutory form of process, and therefore the decisions of that court afford us no light on this subject.

It is urged that an execution will not meet the exigencies of this case, as the money directed to be paid is not required to be paid to the plaintiff, but to the receiver for third persons.

I am unable to discover how this obviates the necessity of a

compliance with the statute as to the form of process. All the difficulties suggested can be obviated by notice to the sheriff and the party, and are no more in the way than an assignment to any third person is of a judgment after its rendition.

The motion is denied with $10 costs.

---

II. Appeal from an order setting aside an execution against the person.

After this decision of Mr. Justice Mullin, the plaintiff issued execution against the property of Tallmadge, to collect the money directed by the judgment to be paid to the receiver, which was returned unsatisfied; the plaintiff then, without obtaining leave of the court, issued an execution against the person of Tallmadge. The latter execution was set aside on motion by Mr. Justice Clerke. The plaintiff appealed from this order.

*Dorman B. Eaton* and *W. C. Hornfager*, for the appellant.—I. This was an action in which the defendant might have been arrested before judgment, and fraud having been found in the judgment, execution against his person was fully authorized without any special order. (*Code*, §§ 179, 181, 288; Fake *a.* Edgerton, 3 *Abbotts' Pr.*, 229.) 1. The Code, uniting law and equity proceedings, has reduced decrees and judgments, precepts and executions, to a common form. (*Code*, §§ 245, 283, 285–289.) 2. It is clear this execution was issued on a "judgment for the payment of money," and all laws in conflict with the Code are repealed. (*Ib.*, §§ 235, 285, 289.) 3. Indeed, under the chancery proceeding before the Code, a precept was only a form of execution, and was properly called an execution. (People *a.* Nevins, 1 *Hill*, 154, 169; Van Wezel *a.* Van Wezel, 3 *Paige*, 38, 43.) 4. An execution was the proper remedy before the Code under the Revised Statutes. (3 *Rev. Stat.*, 5 ed., 849, 850; *Laws of* 1847, ch. 390, §§ 2, 3.)

II. The execution in this case was issued on a final judgment, not on an order. (*Code*, §§ 245, 400.) It was properly so issued, and the order should be reversed with costs.

*Elbridge T. Gerry* and *William Curtis Noyes*, for the respondent.—I. There being no judgment in favor of the plaintiff, nor

Fassett *a.* Tallmadge.

any thing requiring the payment of any money to him (other than his costs which have been collected), there was no warrant or authority for issuing an execution against the person or otherwise.

II. But independently of this, the execution was irregular. 1. There was no preliminary order to arrest before judgment. (*Code*, §§ 178, 179, 181, 288; Humphrey *a.* Brown, 17 *How. Pr.*, 481; Kendenburg *a.* Morgan, 18 *Ib.*, 469; Stelle *a.* Palmer, 11 *Abbotts' Pr.*, 62; Alden *a.* Sarson, 4 *Ib.*, 102; Mollenaor *a.* Kœrner, 13 *Ib.*, 241.) 2. Neither the pleadings nor the judgment disclose any legal ground for issuing it. (*Code*, § 179.) 3. The judgment, as recited in it, is entirely at variance with the judgment itself. 4. It involves an attempt to get money adjudged to be paid to a receiver into the hands of the plaintiff's attorney; in violation of the rule that the attorney in the case must not be the attorney for the receiver. (Ryckman *a.* Parkins, 5 *Paige*, 543; Matter of Ainsley, 1 *Edw.*, 576; Ray *a.* Macomb, 2 *Ib.*, 165; Warren *a.* Sprague, 11 *Paige*, 200; S. C., 3 *N. Y. Leg. Obs.*, 122; *Edw. on Receiv.*, 110.) 5. It was issued while an execution against property was outstanding in the sheriff's hands, and unreturned. (2 *Rev. Stat.*, 364, § 6; *Graham's Pr.*, 2 ed., 355.) 6. It was issued as well for the costs adjudged to the plaintiff as for the amount to be paid to the receiver; and this, when an execution against the property for the costs was in the sheriff's hands, upon which the costs have since been collected.

III. The former attempt to discharge the defendant on a habeas corpus was no bar to this motion; and the decision of Justice Mullin on the motion for a precept being at special term, cannot affect the action of this general term, as it is not *res adjudicata.*

*Dorman B. Eaton*, in reply, contended that the case was clearly within the fourth subdivision of section 179 of the Code.

By THE COURT.*—INGRAHAM, P. J.—This action was brought to set aside a conveyance made by a debtor of the plaintiff to the defendant Tallmadge, on the ground that it was fraudulent and void as to creditors. The court so deemed it, and ordered

---

* Present, INGRAHAM, P. J., LEONARD and ROSEKRANS, JJ.

the sale made to Tallmadge to be declared fraudulent and void as against the plaintiff and all other creditors who should come in under said judgment, and the defendant Tallmadge to pay to a receiver appointed by the court a sum of money for the property so received by him.

The judgment also ordered, that the plaintiff should recover against the defendant his costs. An execution was issued against the defendant's property for the costs, which was paid. An execution was also issued for the moneys directed to be paid to the receiver, which was not collected; and an execution against the person was then issued against the defendant, without any order of arrest either before or after the judgment. The defendant has moved to set aside the execution as irregular, which motion was granted at special term, and the plaintiff has appealed.

By section 288 of the Code, an execution can only be issued against the person in one of those cases in which the defendant might have been arrested under sections 179 and 181. None of the subdivisions of section 179 relate to an action in which fraud in contracting the debt or obligation exists, except the fourth, and that applies only to a case where the fraud was committed in contracting the debt or incurring the obligation for which the action is brought. I am at a loss to understand how the defendant can be charged with contracting a debt or incurring an obligation to the plaintiff.

The plaintiff's action rests on a supposed fraud perpetrated by the vendors to the defendant, with intent to defraud the creditors of the vendors. It is not even necessary to maintain such an action, that the vendee should be a party to the fraud knowingly. He may know of sufficient facts to charge him with notice, and yet, as a vendee, be innocent of any actual fraud in making the purchase, and still the court would declare the sale fraudulent. The same thing might occur in the case of an assignment for the benefit of creditors, where the assignment might be entirely free from any actual fraud, and yet the assignment be declared fraudulent and void. To hold that under such circumstances the vendee or assignee is guilty of fraud in contracting an obligation, and therefore liable to arrest, would be at variance with all the provisions of law since the act of 1831 abolishing imprisonment for debt.

When this case was before Mr. Justice Mullin, on a motion for an attachment, he seems to assume that the defendant was liable to arrest. He says, "This defendant is, I presume, liable to be imprisoned on execution in this case. Fraud is charged and proved, and in such an action the body of the defendant may be arrested and imprisoned." For this he cites section 179 of the Code, and 3 Rev. Stat., 126, § 1, being the first section of the act to abolish imprisonment. With the great respect I entertain for the opinions of this learned justice, I have hesitated to dissent from the views thus expressed by him. But I cannot resist the conclusion that he has overlooked a requisite in both statutes referred to which would materially alter the case. The first section of the act to abolish imprisonment, and section 179 of the Code in the fourth subdivision, are expressly confined in their operation to cases of contract, or in which the debt is contracted or an obligation is incurred. Neither of them apply to a case like the present where the action is a proceeding in equity to set aside a conveyance or assignment of personal property.

It seems to me, also, that the learned justice has overlooked the real party who is guilty of the fraud. In ordinary cases of this character the party making the sale or conveyance, and not the party receiving it, is the one who is guilty of fraud.

A reference to the interlocutory judgment will show that it was the sale, and not the act of the defendant Tallmadge, that was declared void. And the final decree recognized as valid, payments made by Tallmadge to the firms who made the sale and to their creditors on account of the property, to the amount of over $20,000. Can it be that any court can be said in the same judgment to hold that the purchaser of property is a *bona-fide* holder for value, and at the same time that he is a fraudulent purchaser liable to be arrested for the fraud.

I forbear referring to the other questions which have been discussed in this case. It is not material to the decision of this case that we should examine them. If the plaintiff was not satisfied with the decision on the motion for an attachment, he should have appealed. If such attachment was unnecessary, and the compliance with the order could be enforced by execution under section 285, we need only say here that nothing in that section authorizes an execution against the person.

Whatever other course the plaintiff may be entitled to take to enforce compliance with the judgment, he has no right to do it by an execution against the person, without any order of the court.

The order appealed from should be affirmed.