## N. Y. SUPERIOR. COURT.

### RANDALL agt. DUSENBURY, trustee, &c.

*Application for attachment for contempt, for the non-payment by defendant of a money judgment.*

Where judgment has been obtained against defendant, as trustee, for the payment of a certain sum of money to the plaintiff out of the trust funds, prior to all other payments therefrom, and the defendant refuses on demand to make such payment, an attachment cannot issue that he be punished as for a contempt in refusing to comply with the said judgment.

The plaintiff has mistaken his remedy. The only proper mode of enforcing such a judgment is by execution against defendant's property.

*Special Term, January,* 1876.

MOTION to punish defendant, as for a contempt, for not obeying a judgment requiring the payment of money.

SANFORD, *J.* — By a judgment of this court, rendered at special term, on the 8th day of June, 1874, it was adjudged that the plaintiff recover of Charles Dusenbury, trustee under assignment from Selah Hiler, $3,134.41, debt or damages, together with $276.33 costs, and amounting altogether to $3,410.73.

It was further adjudged that said Dusenbury, trustee as aforesaid, defendant, do forthwith pay said sum of $3,410.73 out of a certain fund received by him under the said assignment, and prior to all other payments from said fund. It was further adjudged that the plaintiff have leave to apply to this court, on the foot of this judgment, for any further order, direction or decree to carry this judgment into full effect.

Randall agt. Dusenbury.

The said judgment has been affirmed on appeal to the general term and the court of appeals.

The plaintiff now moves, on affidavits showing Dusenbury's refusal to pay on demand, accompanied by a certified transcript of such judgment, for an order that an attachment issue, and that he be punished as for a contempt in refusing to comply with the said judgment.

On the part of the defendant it is insisted that the plaintiff has mistaken his remedy, and that the only proper mode of enforcing the judgment is by execution against defendant's property.

In this state the enforcement of judgments is made the subject of special statutory enactment. Title nine of the Code of Procedure treats "of the execution of the judgment in civil actions." The first section of this title, section 283 of the Code, provides that the party, in whose favor judgment shall be given, may, at any time within five years proceed to enforce the same, as prescribed by this title. I deem this provision imperative. The object of the Code, as specified in its title and preamble, was, among other things, to simplify and abridge the practice of the courts, to abolish the distinction between legal and equitable remedies, and to establish a uniform course of proceeding in all cases. The word "may," in a statute, is generally construed to mean "must" or "shall," where public rights and interests are concerned, and when the good sense of the entire enactment requires the change; and it is a familiar maxim of construction, that when an affirmative statute directs a thing to be done in a certain manner, that thing shall not, even although there are no negative words, be done in any other manner. "*Expressio unius exclusio est alterius.*" What, then, are the requirements prescribed by title nine of the Code of Procedure for the enforcement of judgments? Section 285 provides that "where a judgment requires the payment of money, or the delivery of real or personal property, the same may" (that is, must) "be enforced, in those respects, by exe-

Randall agt. Dusenbury.

cution, as provided in this title. Where it requires the performance of any other act, a certified copy of the judgment may be served upon the party against whom it is given, * * * and his obedience thereto enforced. If he refuse, he may be punished therefor as for a contempt."

That the judgment in question requires the payment of money certainly cannot be questioned. That the defendant is further directed to pay it out of a particular fund, in priority of other payments therefrom, seems to. me quite immaterial. It is none the less a judgment " which requires the payment of money;". and the specification of the fund from which it is to be paid, and the priority of payment which it accords over other payments from such fund, do not make it a judgment which " requires the performance of any other act." The latter clause has reference to judgments other than for the payment of money, or the delivery of real or personal property, and which, in their nature, cannot be forced by execution; as, for instance, judgments requiring the execution of deeds, the satisfaction and discharge of mortgages, the cancellation of liens *et id omne genus*. But I think the intent of the statute requires judgments which can be enforced otherwise than by proceedings as for a contempt, and certainly money judgments, to be enforced by execution, and not by fine and imprisonment. This view accords with the provisions of 2 *Revised Statutes*, 534, which authorize the punishment of parties for non-payment of money ordered to be paid in cases where, by law, execution cannot be awarded for the collection thereof. If it be asked why, then, was the provision for priority of payment out of the fund and the authority to apply to the court, on the foot of the judgment, for further directions to carry the judgment into effect, inserted, it may well be suggested in reply, that if, after vainly exhausting the remedy by execution, it shall appear that the defendant has misapplied or misappropriated the fund, the court will take further action, founded on his misconduct in that regard. But, however this may be, while

Randall agt. Dusenbury.

the remedy by execution against property is available, I am of opinion that neither justice nor law requires or will permit the summary incarceration of a judgment debtor, under a non-bailable attachment, as the mode of enforcing payment of a money judgment. The policy of our law is more lenient and humane.

This view of the case is sustained by a special term decision of the supreme court (*Fassett* agt. *Talmage*, 14 *Abb. Pr. R.*, 188), where an attachment was refused under circumstances closely analogous. As also by that court at general term in the third department (*Lansing* agt. *Lansing*, 4 *Lans.*, 377), and by this court at special term in *Gray* agt. *Cook* (24 *How. Pr. R.*, 432).

The motion must be denied, with ten dollars costs.