WILLIAM A. ROSS AND NORWICH LOCK MANUFACTURING COMPANY, RESPONDENTS, *v.* CHARLES W. BUTLER, ASSIGNEE, ETC., APPELLANT, IMPLEADED WITH JOHN H. BUTLER AND ANOTHER.

*Contempt — a decree must be definite beyond any doubt in order to justify its enforcement by proceedings for contempt.*

By a decree, entered upon an accounting by a general assignee for the benefit of creditors, it was adjudged that a certain sum was in the hands of the assignee, from which he was directed to pay to the several plaintiffs, or their attorneys in such proceedings, their costs and disbursements, including the sum of ———— dollars, fees of the referee, together with an additional allowance, said costs to. be taxed by the clerk of the city and county of New York; and, further, to pay to the assignee's attorney his costs and disbursements to be taxed in like manner; to retain a specified sum for his commissions, and an additional amount of ten dollars costs, and then to divide the residue of the fund remaining in his hands among a list of 133 creditors, *pro rata*, and without preference, the amount of the claims of the creditors against the assigned estate being stated, but the amount which was to be paid to them not being determined.

*Held*, that, under such circumstances, the decree would not be enforced by proceedings against the assignee as for a contempt.

That such proceedings will only be entertained, to enforce a judgment or decree which is definite and certain to such a degree that there can be no opportunity for ambiguity or doubt as to the precise thing to be done by the party proceeded against.

That, in this case, the amount due to the creditors could not be definitely determined so that it could be specified in a commitment issued for the enforcement of the payment thereof.

*Quære*, whether, under any circumstances, the payment of money under a decree of this kind can be enforced by proceedings for contempt.

Appeal by the defendant Charles W. Butler, as assignee, from an order made at a Special Term held in the county of New York on the 27th day of January, 1890, by which it was ordered and adjudged that the said Charles W. Butler was guilty of a contempt of court in neglecting and refusing to obey a judgment or decree of the court, entered in the above-entitled action on April 18, 1889, and that such neglect and refusal have actually impaired, impeded and prejudiced the rights and remedies of the Norwich Lock Manufacturing Company, upon whose motion to punish the said Charles W. Butler for a contempt of court in refusing to obey said judgment or decree, such order was made.

*Lucien Birdseye*, for the appellant.

*G. Richards*, for the respondents.

Van Brunt, P. J. :

Without definitely passing upon the point whether, under any circumstances, an attachment could issue for the enforcement of a decree, entered in an action similar to the one at bar, which is a matter of more than grave doubt (*In re Hess*, 48 Hun, 586), it is clear that, in the position in which this action was at the time the order appealed from was made, and from the nature of the order itself, the court had no power to make the same.

This action was brought to compel the appellant, as assignee under a general assignment for the benefit of creditors, to render an account of the estate coming into his hands, as such assignee, and to distribute the moneys remaining in his hands among the creditors entitled thereto. Certain proceedings having been had on the 16th of April, 1889, a decree was entered adjudging that a certain sum of money was in the hands of the said assignee, from which balance the assignee was directed to pay the several plaintiffs, or their attorneys, their costs and disbursements, including the sum of $——, the fees of the referee, together with an additional allowance, said costs to be taxed by the clerk of the city and county of New York. The assignee was further directed to pay to the defendant assignee's attorney his costs and disbursements, to be taxed in like manner. He was then directed to retain a sum specified for his compensation as commissions, and also an additional amount of ten dollars costs, and was then directed to divide the residue of the fund remaining in

his hands among a list of 133 creditors, *pro rata* and without preference, the amount of the claims of the creditors against the assigned estate being stated, but the amount which was to be paid to them not being determined.

If there is one thing which is well settled in reference to the power of the court to enforce by attachment its judgment or decree, it is that such judgment or decree shall be definite and certain; that there shall be no opportunity for ambiguity, but that the party proceeded against is to be. adjudged to do a certain specific act; if it is to pay money, then to pay a specific sum of money.

In the case at bar who is to determine as to what amount in dollars and cents the moving creditors in this proceeding are to obtain ?

The referee's fees have not been determined; the costs have not been determined; and the amount which each creditor is to receive has not been determined. This is all matter of calculation to be gone into after the amount of the referee's fees is settled and the costs taxed. Who is to determine when these things have been legally and regularly done ?

In order that a commitment may issue under any circumstances, as already stated, the precise thing to be done by the party proceeded against must be stated in the judgment or order. When we come to examine the order adjudging the party in contempt, what do we find ? · It is that the appellant be punished by imprisonment as for a contempt unless within five days he pay to the moving creditors or their attorneys the amount due under the judgment, together with ten dollars costs of these proceedings. Who is to determine the amount due under that decree — the moving creditors or the assignee ?

The appellant has not been directed to do any specific thing, and if a commitment were issued upon such an order, it would be impossible for the sheriff to determine when the appellant had conformed to its requirements.

It is absolutely clear that a party cannot be adjudged to be in contempt without definitely stating what he shall do in order to purge himself of the contempt. There is no such statement in this case. The court has not yet determined the precise amount which he is to pay to these various creditors, and, until it does, the appellant cannot be proceeded against by this class of proceeding.

But, by anything that has been said, we do not intend to intimate that, under any circumstances, the payment of money under a decree of this kind can be enforced by proceedings for contempt.

The order should be reversed, with ten dollars costs and disbursements.

BRADY and DANIELS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements.