## PRIVETT *v.* PRESSLEY, SHERIFF, ET AL.

HABEAS CORPUS.—*Order of Commitment, when Void.— Contempt.—Sheriff.—*
The defendant in a *habeas corpus* proceeding, a sheriff, made return to the writ, that he held the petitioner in custody by virtue of a certain order made by the superior court of his county, and issued to the sheriff, in a certain action, setting out a copy thereof, which recited, that said petitioner had failed and refused to comply with an order theretofore entered by the court in such action, requiring him to deliver to the sheriff of said county " all the goods covered by the mortgage of the plaintiff, received by him from" H., " or account to the plaintiff for the value thereof, and adjudged that said petitioner be "taken by the said sheriff and held in custody

until he shall obey the said order ; *   * that is to say, until he shall deliver said property to said sheriff, or account for the value thereof."

*Held,* that the order upon which the commitment was based is so indefinite and uncertain as to be a nullity, and that the order of commitment is void ; the goods which the petitioner was ordered to deliver not being described or identified, nor their value stated.

*Held,* also, that, had a contempt been the basis of the order of the commitment, such order should have shown a conviction of the contempt.

From the Marion Circuit Court.

*R. D. Logan, W. P. Adkinson, A. A. Falkenburg —— Johnston* and *B. F. Davis,* for appellant.

*J. E. Franklin* and *J. C. Pearson,* for appellees.

WORDEN, J.—This was a writ of *habeas corpus,* issued upon the petition of the appellant, alleging, in substance, that he was unlawfully kept and detained in custody by the defendant.

The defendant, who was the sheriff of Marion county, made return to the writ, that he held the appellant in custody by virtue of the following order issued from the Superior Court of said county, made on the 19th day of November, 1878, viz. :

" *Mary E. Gillespie*  
v.           }  23,261.  
*Annie E. Gillespie et al.* 

" Comes now the plaintiff by her attorney, and comes also Willis Privett in person and by attorney, and it appearing to the court that said Willis Privett has failed to comply with the order hereinbefore entered, that he deliver to the sheriff of this county all the goods covered by the mortgage of the plaintiff, received by him from Thomas W. Harris, or account to the plaintiff for the value thereof, on or before the 16th day of the present month, at 12 o'clock M. ; and the said Willis Privett now still failing and refusing to so deliver said goods, or to account for the value thereof, it is now by the court ordered, that said Willis Privett be forthwith taken by the said

sheriff, and held in custody in the body of the jail of said county, until he, the said Privett, shall obey the said order of the court so hereinbefore entered, that is to say, until he shall deliver said property to said sheriff, or account for the value thereof."

A duly certified copy of the order, under the hand and seal of the clerk, was issued to the defendant, and a copy was set forth as part of the return.

The cause was submitted to the court on the petition and return to the writ, and the court, after hearing argument, refused to grant the prayer of the petition, and ordered that the appellant be remanded to the custody of the sheriff, to be confined in jail until he should comply with the order, or be lawfully relieved from compliance therewith. Exceptions.

It will be seen that the order of the Superior Court for the commitment of the appellant was not founded upon any conviction of the appellant for contempt.

Had a contempt been the basis of the order of commitment, the order should have shown a conviction of the contempt. *Ex parte Adams*, 25 Miss. 883.

The appellant was committed for a failure to comply with the previous order of the court, and not upon any conviction for contempt; and the question arises whether the order thus made has any validity. We do not stop to enquire what orders may be made under the 134th section of the code, 2 R. S. 1876, p. 92, where property sought to be replevied has been disposed of or concealed; or whether the order in question would have been valid, had it been sufficiently certain and specific. We regard it as so indefinite and uncertain as to be a nullity; and the order of commitment based thereon was, in our opinion, equally void.

By the order the appellant was required to deliver to the sheriff " all the goods covered by the mortgage of the plaintiff," (one Mary E. Gillespie,) " received by him from

Thomas W. Harris, or account to the plaintiff for the value thereof."

The goods which the appellant was thus ordered to deliver were not described or identified, nor was their value stated. A judgment in such terms would, as we think, be a nullity. The order in question is not the less so. Nothing material is settled by it. The question what goods the appellant received from Thomas W. Harris is left open and undetermined. Perhaps the appellant knew what goods he received from Harris; but is the knowledge of the appellant to be relied upon to aid this defect in the order? Might there not be dispute or controversy as to what goods were thus received by the appellant, and might it not be claimed that there were more goods thus received than there really were?

The same difficulty arises as to what goods received by the appellant were covered by the mortgage of Mary E. Gillespie. In this respect everything is left open to controversy.

By the order, also, the appellant had the option to deliver the goods to the sheriff, or to account to Mary E. Gillespie for their value. But the value was not stated, nor was the amount, which the appellant was required to pay in case he should not deliver the goods, stated in any way. It might be that the appellant could not deliver the goods to the sheriff, and in that event the order of commitment would amount to perpetual imprisonment, unless the appellant should come to such terms as Mary E. Gillespie might require as to value of the goods.

These uncertainties, as we think, rendered the order of commitment void, and, of course, entitled the appellant to be discharged.

We do not decide, however, that the commitment may not have been sufficient to protect the sheriff from an action for the imprisonment.

The judgment below is reversed, with costs, and the cause remanded, with instructions to the court below to discharge the appellant from imprisonment.