## MADGWICK v MADGWICK

Common Pleas Court, Franklin Co.

No. 15202.

### OPINION

By ROSE, J.

In this case the defendant was brought before the Court on a rule in contempt, to show cause why he should not be punished for failure to comply with the Court's order. The defendant at that time moved to dismiss the contempt proceedings and gave three grounds why said contempt proceedings should be dismissed.

The Court will consider his various grounds in order as set forth in the defendant's memorandum.

First, whether the Court had the right to grant alimony where none is prayed for specifically in the petition. This has been fairly well decided by the Court, 14 O. Jur., §100, pp. 495 and 496 answered that question along with citation thereunder. Therefore, the first ground of the defendant is overruled.

Second ground given is whether or not the separation agreement entered into by and between the parties has been properly incorporated into and made a part of this decree.

A copy of the separation agreement has been attached to the decree and approved by the Court and it is specifically provided that said separation agreement "is to become a part of this decree". It would seem that would be a sufficient incorporation to make this separation agreement a part of the decree and enforcible by contempt. That would seem to follow the case of **Miller v Miller, 23 Abs 385**, which was decided by our own Court of Appeals. Therefore, the second branch of the motion is hereby overruled.

The third branch of the motion of the defendant raises the question whether or not this decree of divorce along with the agreement and order of the Court is so indefinite that the Court cannot make such a finding in contempt. The Court is inclined to believe that this order is too indefinite to find the defendant guilty of contempt. There has been no determination in this case as to the amount of money which was to be considered as alimony or support money for the plaintiff, and the amount to be considered as support money for the child. Therefore, until there is a definite division of alimony and child support it certainly cannot be said that the defendant has failed to comply with a definite order and I believe the citation 13 Corpus Juris, p. 15 as submitted by the defendant answers that question. Therefore, the Court will sustain the motion as to the third branch, and the contempt proceedings is hereby dismissed because said order is too indefinite.