**HARDIN, Plaintiff-Appellee, v. HARDIN, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4702.   Decided March 19, 1952.

Thomas W. Applegate, Columbus, for plaintiff-appellee.
Horace S. Kerr, Columbus, for defendant-appellant.

## OPINION

By MILLER, J.

This is a law appeal from the judgment of the Common Pleas Court, Division of Domestic Relations, entered on May 19, 1951, finding the defendant-appellant guilty of contempt of court for failing to obey an order commanding him to pay the sum of $12.50 a week as support money.

The record reveals that the parties hereto were divorced on December 17, 1943, because of the aggressions of the husband; that the parties entered into an agreement with reference to alimony and support money for their two minor children, and which was made a part of the decree.  The pertinent part of this agreement provides:

"The said Joseph W. Hardin agrees to pay to Marie Hardin

for support and maintenance of their two children, Robert and Flora Louise, the sum of Fifteen ($15.00) Dollars each week hereafter, said payments to continue until said Flora Louise shall become 21 years of age or until she becomes emancipated. The said Joseph W. Hardin by reason of the physical condition of Robert Hardin agrees to maintain him so long as is necessary."

The record discloses that on March 15, 1946, upon application of the appellee the support money for the two minor children was increased to $17.50 per week; that upon the emancipation of the minor daughter an application was made by the appellant for a modification of the order of March 15, 1946, which was allowed, the same being reduced to $12.50 per week, being for the support of the remaining minor son. The record reveals that the appellant paid the $12.50 per week until the son became 21 years of age, when he reduced the payment to $7.50 per week and continued said payments until the son's decease. The Court found this reduction to be in violation of its previous order and found him to be in contempt of court. The appellant urges that when the minor son, Robert Hardin, became 21 years of age his liability for support money terminated and the order commanding him to pay $12.50 per week became void as being contrary to law.

The appellee concedes that the Court was without jurisdiction to make such an order in the absence of an agreement of the parties, but urges that since they did enter into such . an agreement and the same being made a part of the decree, that it became a valid order. Citing the case of **Sedam v. Sedam**, decided by this Court on March 31, 1948, and reported in **52 Abs 141**. We adhere to our former ruling in the Sedam case, but are of opinion that we have a different factual situation in the case at bar. An examination of the agreement between these parties reveals that they only agreed that the payment of $15.00 per week should continue until the daughter became emancipated or 21 years of age. It is true that the agreement provided further that the appellant would maintain Robert Hardin because of his physical condition since it was necessary. It will be noted that the agreement of the appellant was indefinite and uncertain as to the amount to be paid after the son arrived at the age of majority. We are of the opinion that the Court did not have jurisdiction to determine the amount necessary for the son's support. This would in effect be ordering the appellant to pay a sum not agreed upon.

In the case of **Miller v. Miller, 154 Oh St, 530**, the syllabi provide:

"1. In an action for divorce, alimony and support of minor children, the Court of Common Pleas does not possess general equity powers but can exercise only such power as the statutes expressly give and such as is necessary to make its orders and decrees effective. (**Marleau v. Marleau, 95 Oh St, 162,** approved and followed.)

"2. In a divorce action, where a child of the parties attains his majority, authority of the court over such child comes to an end, and the court is without power to provide for the support of or aid to such child or to continue a provision for his support. (**Thiessen v. Moore, 105 Oh St, 401,** approved and followed.)

"3. The parties to an action cannot by agreement clothe a court with jurisdiction of subject matter which it does not have."

If authority for support of the son after his majority is to be found only in the decree it is too indefinite and uncertain to support a citation for contempt.

"A judgment should be sufficient in itself and not defer to the memory and recollection of one of the parties that which shall constitute compliance therewith. Inasmuch as the judgment and its enforcement are the end and aim of the whole litigation, to satisfy this purpose the judgment must so dispose of the matters at issue between the parties that they, and such other persons as may be affected, will be able to determine with reasonable certainty the extent to which their rights and obligations have been determined. Accordingly, the judgment should be certain and definite, and it is recognized that a judgment may be so uncertain as to be null and void." **23 O. Jur., Sec. 153, p. 621.**

In State v. Hamilton, 27 O. C. D. 147, at page 151, the Court says:

"We think first that the order was too indefinite, as held: 'In order that a commitment may issue under any circumstances, as already stated, the precise thing to be done by the party proceeded against, must be stated in the judgment or order.' Ross v. Butler, 57 Hun. 110 (10 N. Y. Supp. 444); Pritett v. Pressley, 62 Ind. 491."

The appellee cites the case of **Tullis v. Tullis, 138 Oh St 187,** wherein the general rule was stated to be:

"A decree in a divorce action, unconditionally fixing the amount and method of payment by the husband for the support of a minor child pursuant to and in accordance with a previous contract of separation between the husband and wife providing for complete property settlement and support to their minor child, which contract is specifically approved by the court and made a part of the decree, may not, in the ab-

sence of fraud or mistake, be subsequently modified by the court so as to lessen the amount of support for such minor child."

It will be noted that here a definite amount was agreed upon, which is not the fact in the case at bar, the appellant agreeing only to support the son as long as necessary.

A decree that is indefinite and uncertain cannot be enforced by contempt proceedings. **State v. Oppal, 49 Abs 492; State v.** Hamilton, 27 O. C. D. 147; **Magdwick v. Magdwick, 31 Abs 231.**

The judgment is reversed and cause ordered remanded with instructions that the contempt proceeding be dismissed.

WISEMAN, J, concurs.

HORNBECK, PJ.

I concur in the judgment because the trial judge did not have jurisdiction to enforce the order for support required after the son attained his majority, but I do not concur in the holding that the agreement between the parties was indefinite.