RICE, Zoning Inspector, et al., Appellees,

v.

ROGERS, Appellant.

[Cite as *Rice v. Rogers* (1989), 61 Ohio App.3d 151.]

Court of Appeals of Ohio,
Summit County.

No. 13815.

Decided March 29, 1989.

*Kenneth G. Spahr* and *Irving B. Sugerman,* for appellees.

*William Love II,* for appellant.

CACIOPPO, Presiding Judge.

The plaintiff-appellee, Nora Rice, as the Zoning Inspector for Springfield Township, filed a complaint against appellant, William C. Rogers. The complaint prayed for a permanent injunction preventing Rogers from illegally using his premises in violation of the Springfield Township Zoning Resolution and an order requiring Rogers' premises to be cleaned and maintained in compliance with the Resolution.

On December 18, 1986, the trial court issued a permanent injunction and ordered Rogers to remove certain items from his property. In February 1987, Rice filed a motion to show cause in contempt alleging that Rogers failed to comply with the December 18th order.

A hearing was held and the trial court found Rogers in contempt of its December 18, 1986 order and sentenced Rogers to sixty days in Summit County Jail and fined him $100. However, the court suspended fifty-seven days of the jail sentence and the entire fine on the condition that Rogers comply with the December 18, 1986 order. The trial court ordered further that should Rogers fail to purge himself of contempt within one hundred twenty days, the suspended jail sentence and fine would be reinstated.

In August 1988, a hearing was held and the trial court found that Rogers did not purge himself of the contempt and reinstated the suspended sentence.

Rogers appeals from this decision.

### Assignment of Error I

"The court erred in ordering a punishment imposed on appellant which exceeded the amount the court was authorized to impose according to law."

Rogers contends that the court exceeded its authority when it sentenced him to sixty days in jail.

R.C. 2705.05 states in part:

"(A) In all contempt proceedings, the court shall conduct a hearing. At the hearing, the court shall investigate the charge and hear any answer or testimony that the accused makes or offers and shall determine whether the

accused is guilty of the contempt charge. If the accused is found guilty, the court may impose any of the following penalties:

"(1) For a first offense, a fine of not more than two hundred fifty dollars, a definite term of imprisonment of not more than thirty days in jail, or both[.]"

It is clear that a person in contempt for the first time may only be sentenced to thirty days in prison.

In the instant case Rogers was found in contempt of the court's order only once. Therefore, it was error for the court to sentence Rogers to a term of imprisonment over the thirty days.

■ Rice argues that the court has the power to imprison Rogers over the thirty days. Rice contends that under R.C. 2705.06, the court may imprison the accused until the accused agrees to do a specified act. However, it is clear that the intent of the court was to sentence Rogers to a definite term of sixty days and not to imprison Rogers until he would agree to remove the junk from his premises.

Rogers' first assignment of error is sustained. We modify the court's order in that Rogers must serve thirty days in the Summit County Jail. Therefore, under the order of August 30, 1988, Rogers must serve twenty-seven days.

### Assignment of Error II

"The court erred in finding appellant had not purged himself of contempt and imposing sentence upon him."

■ From a review of the record, the sentence imposed on Rogers must be considered punishment for criminal contempt. See *Bd. of Edn. v. Hamilton Classroom Teachers Assn.* (1982), 5 Ohio App.3d 51, 5 OBR 146, 449 N.E.2d 26. It is clear that the sentence is not to coerce compliance but rather is a punishment for acts of disobedience.

Thus, Rogers contends that there was insufficient ·evidence to support a finding of guilty. This court will not reverse the trial court's judgment where there is substantial evidence upon which a trier of fact could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt. *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132, syllabus.

In this case, Rogers had one hundred twenty days from November 17, 1987, to remove the scrap and related items from his premises. At the hearing, Rice testified that as of July 7, 1988, Roger still had scrap metal, radiators and fuel tanks on the premises. Karl Blazdel also testified that as of July 7, 1988, there was scrap iron, scrap metal, automobile parts and tanks located on Rogers' premises.

Based on the foregoing, there was sufficient evidence showing that Rogers did not purge himself of contempt in accordance with the court's order of November 17, 1987.

Rogers second assignment of error is overruled.

The court's decision is modified and as modified the court's decision is affirmed.

*Judgment accordingly.*

REECE, J., concurs.

BAIRD, J., concurs in part and dissents in part.

BAIRD, Judge, concurring in part and dissenting in part.

In her response to the first assignment of error, Rice argues that the terms of the November 17, 1987 order are no longer appealable, that the point was waived by reason of failure to raise it in the trial court, and that the sentence was a proper exercise of the court's power to cause compliance with a previous order rather than an excess penalty for a completed act of contempt. Since I believe that all of these contentions have merit, I would overrule the first assignment of error. I concur in the disposition by the majority of the second assignment of error, but I would affirm the judgment in its entirety.