**In re AYER.**

[Cite as *In re Ayer* (1997), 119 Ohio App.3d 571.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–960488.

Decided May 21, 1997.

572

*William A. Busemeyer Co., L.P.A.,* and *William A. Busemeyer,* for appellee.

*Wood & Lamping* and *Jeffrey M. Rollman,* for appellant.

*Per Curiam.*

Defendant-appellant, Donald R. Ayer, appeals from a decision of the Hamilton County Court of Common Pleas, Domestic Relations Division, finding him in contempt and setting conditions to purge the contempt. We affirm in part and reverse in part.

On July 30, 1993, plaintiff-appellee, Grace L. Ayer, filed a complaint for divorce accompanied by a motion for a temporary restraining order. The trial court granted the restraining order, which provided:

"Defendant is hereby restrained from changing ownership or beneficiaries on any life insurance policies and/or on other accounts of any type in which he has an interest * * * or selling, disposing of, transferring, withdrawing, hypothecating, pledging, mortgaging, changing location of, moving, assigning or otherwise conveying or encumbering certain real estate and personal property, both tangible and intangible, which tangible and intangible personal property includes but is not limited to * * * cash, monies, stocks, bonds, securities, life insurance policies, partnership interests, checking accounts, savings accounts, money market accounts, cash management accounts, certificates of deposit, IRA accounts, retirement accounts, deferred compensation accounts, profit sharing accounts, 401(k) accounts, checks and proceeds from retirement accounts and the like in which Defendant is the owner of or has an interest in of any type whatsoever[.]"

On December 5, 1995, appellee filed a motion for an order finding appellant in contempt for transferring funds in violation of the restraining order. Appellant is the owner of several companies, including Ayer Electric. He acknowledged removing funds from Ayer Electric's pension fund, cashing in life insurance policies, pledging a certificate of deposit as an appeal bond in another litigation, and transferring money from Ayer Electric to his other businesses, to his personal account and to a company owned by his son. However, he claimed that he had always conducted business in that manner, transferring funds from various accounts to pay for the expenses of his individual businesses. He also claimed that when his line of credit was frozen due to appellee's failure to provide her signature, he suffered severe cash-flow problems, and he was forced to use funds from the pension plan, the life insurance policies and other sources to pay normal expenses. He stated that any loans to himself were put back into his companies.

Appellee presented evidence tending to show that appellant's cash-flow problems were not as severe as he maintained. The evidence showed that some of the funds went to pay a personal loan made by a friend and to pay legal expenses in an unrelated litigation. Further, it supported the inference that the transfer to appellant's son's business served no legitimate business purpose and was made to hide funds from appellee.

The trial court found appellant in contempt for six separate violations of the restraining order. It sentenced him to ten days' incarceration and a $250 fine on each count. The court also held that appellant could purge himself of contempt by meeting certain conditions. This appeal followed.

Appellant presents two assignments of error for review. In his first assignment of error, he states that the trial court erred in holding him in contempt. He argues that he did not violate the restraining order because he had authority to do the acts for which the court held him in contempt, and that the restraining order was too indefinite and uncertain for him to be found in contempt for violating it. He further argues that the sentence of ten days' incarceration for each violation was excessive. We find that this assignment of error is not well taken.

R.C. 2705.02(A) states that a person may be punished for contempt for "[d]isobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or an officer[.]" Though R.C. Chapter 2705 provides statutory authority, the power of contempt is inherent in a court, "such power being necessary to the exercise of judicial functions." *Denovchek v. Bd. of Trumbull Cty. Commrs.* (1988), 36 Ohio St.3d 14, 15, 520 N.E.2d 1362, 1363; *Dozer v. Dozer* (1993), 88 Ohio App.3d 296, 302, 623 N.E.2d 1272, 1276. Decisions in contempt proceedings lie within the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. *Denovchek, supra,* at 16, 520 N.E.2d at 1364; *State ex rel. Ventrone v. Birkel* (1981), 65 Ohio St.2d 10, 11, 19 O.O.3d 191, 191–192, 417 N.E.2d 1249, 1250.

The parties agree that this case involves civil contempt. The purpose of sanctions in a civil contempt case is to coerce the contemnor to obtain compliance with the orders of the court, usually for the benefit of the person for whom the order was issued. *State v. Kilbane* (1980), 61 Ohio St.2d 201, 204–205, 15 O.O.3d 221, 223–224, 400 N.E.2d 386, 390; *Cleveland v. Ramsey* (1988), 56 Ohio App.3d 108, 110, 564 N.E.2d 1089, 1092. Proof of intent to violate the order is not required for a finding of civil contempt. *Pugh v. Pugh* (1984), 15 Ohio St.3d 136, 15 OBR 285, 472 N.E.2d 1085, paragraph one of the syllabus; *Windham Bank v. Tomaszczyk* (1971), 27 Ohio St.2d 55, 56 O.O.2d 31, 271 N.E.2d 815, paragraph three of the syllabus. However, it must be based upon clear and convincing evidence. *Pugh, supra,* at 136, 15 OBR at 285, 472 N.E.2d at 1088; *ConTex, Inc. v. Consol. Technologies, Inc.* (1988), 40 Ohio App.3d 94, 95, 531 N.E.2d 1353, 1355. Clear and convincing evidence is that which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. *In re Adoption of Holcomb* (1985), 18 Ohio St.3d 361, 368, 18 OBR 419, 425–426, 481 N.E.2d 613, 620.

Appellant claims that he had authority to do the acts for which he was found in contempt due to the following language in the restraining order:

"[D]efendant is not restrained from negotiating or depositing his weekly or other periodic and regular pay check and the cash flow he receives from the real

estate owned by him in order to pay normal and reasonable bills, debts or expenses."

However, the evidence presented was sufficient to produce in the mind of the trial court a firm belief that the transfers appellant made went well beyond the payment of "normal and reasonable" expenses and were not conducted during the normal course of business. To the contrary, much of the evidence supported the inference that appellant was trying to hide assets or diminish the marital estate. The trial court has broad discretion to determine whether its own orders have been violated. See *Arthur Young & Co. v. Kelly* (1990), 68 Ohio App.3d 287, 300, 588 N.E.2d 233, 242. "If the court has the inherent power to summarily punish contempts, it must by the same token have the power to determine the kind and character of conduct which will constitute contempt." *State ex rel. Turner v. Albin* (1928), 118 Ohio St. 527, 535, 161 N.E. 792, 794. We cannot conclude that the trial court's decision finding appellant in contempt was so arbitrary, unreasonable, or unconscionable as to connote an abuse of discretion. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 218, 5 OBR 481, 481–482, 450 N.E.2d 1140, 1142.

Appellant also argues that the restraining order was indefinite and uncertain. An order that is indefinite and uncertain cannot be enforced in contempt. *O'Connor v. O'Connor* (1991), 71 Ohio App.3d 541, 545, 594 N.E.2d 1081, 1084; *Hardin v. Hardin* (App.1952), 65 Ohio Law Abs. 538, 115 N.E.2d 167. However, we find the order in this case to be definite enough for appellant to know what conduct was prohibited. He argues that it did not permit him to do business the way he normally would, but that assertion does not make the order uncertain. Further, appellant did not seek modification or clarification of that part of the order which the court found he had violated until over a year and a half after the order was journalized, well after he had committed the acts for which he was found in contempt and after appellee had filed her motion to have him found in contempt. Yet, immediately after the order was journalized, appellant sought and obtained relief from another of its provisions.

Finally, appellant argues that the court's sanction of ten days' incarceration for each of the six findings of contempt was excessive. R.C. 2705.05(A)(1) states that for a first contempt offense the court may impose a "definite term of imprisonment of not more than thirty days in jail." The trial court's sanction was well within its statutory authority, and it was not excessive given appellant's conduct. See *In re Kinross* (1992), 84 Ohio App.3d 335, 616 N.E.2d 1128; *Rice v. Rogers* (1989), 61 Ohio App.3d 151, 572 N.E.2d 213; *Williams v. Dudley* (May 3, 1989), Hamilton App. No. C–870856, unreported, 1989 WL 45286. Consequently,

we find no abuse of discretion in the trial court's finding of contempt, and we overrule appellant's first assignment of error.

In his second assignment of error, appellant states that the trial court erred by failing to permit him an opportunity to purge himself of the contempt. He primarily takes issue with the court's fourth condition of the purge, that he furnish to appellee by the fifteenth day of each month complete records of all transactions of the prior month for each of his various companies. He argues that this condition has no cut-off date and does not permit him to ever purge the contempt. Appellant also argues that the third condition of the purge, that he withdraw $415,000 from the profit-sharing trust of Ayer Electric and place it in escrow, will result in substantial adverse tax consequences. We find this assignment of error to be well taken only as it refers to the court's requirement that appellant turn over his companies' records monthly to appellee.

In the case of civil contempt, the sanction must provide an opportunity to purge the contempt. *Kilbane, supra,* 61 Ohio St.2d at 206–207, 15 O.O.3d at 224–225, 400 N.E.2d at 391; *Marden v. Marden* (1996), 108 Ohio App.3d 568, 571, 671 N.E.2d 331, 333. Once the contemnor chooses to comply with the court's order, the purpose of the sanction is achieved and the sanction should be discontinued. *Ramsey, supra,* 56 Ohio App.3d at 110, 564 N.E.2d at 1092.

In *Tucker v. Tucker* (1983), 10 Ohio App.3d 251, 10 OBR 364, 461 N.E.2d 1337, the wife in a divorce action filed a motion that the husband be found in contempt for failing to pay child support. A referee recommended that judgment be entered against the husband in the amount of the past-due payments. The referee also recommended that the husband be found in contempt and sentenced to ten days' imprisonment but that the sentence be suspended on the condition that he keep his future child-support payments current. The husband paid the arrearage before the trial court filed a judgment entry adopting the referee's report. He appealed the entry, claiming that the court abused its discretion by finding him in contempt and suspending his sentence conditioned upon future compliance with the child-support order. The Tenth District Court of Appeals agreed, stating:

"Had the order provided for suspending the jail sentence on condition that plaintiff purge himself of his violation of the support order by paying the arrearage, it would have provided a true opportunity for purging. However, insofar as it purports to regulate future conduct, it simply amounts to the court's reaffirmation of its previous support order and can have no effect since any effort to punish a future violation of the support order would require new notice, hearing, and determination." *Id.* at 252, 10 OBR at 365–366, 461 N.E.2d at 1339. Accord *Marden, supra.* See, also, *Bd. of Edn. v. Brunswick Edn. Assn.* (1980), 61 Ohio St.2d 290, 15 O.O.3d 352, 401 N.E.2d 440.

■ We find the trial court's fourth condition of purging the contempt, turning over his companies' records to appellee monthly, to be like the condition in *Tucker*. It does not seek to coerce compliance with the court's order but to regulate future conduct. Consequently, we hold that this condition does not allow appellant the opportunity to purge himself of his contempt and is therefore void. See *Marden, supra*, 108 Ohio App.3d at 571, 671 N.E.2d at 333; *Tucker, supra*, 10 Ohio App.3d at 252, 10 OBR at 365–366, 461 N.E.2d at 1339.

■ We find the remaining conditions of the purge to be within the trial court's discretion. If appellant suffers any adverse tax consequences, they are the direct result of his violation of the court order preventing the transfers of funds and do not render the trial court's condition of purge an abuse of discretion. Accordingly, we sustain appellant's second assignment of error in part. We reverse that part of the court's judgment requiring appellant to turn over records monthly as a condition of the purge. We affirm the judgment of the trial court in all other respects.

*Judgment accordingly.*

DOAN, P.J., HILDEBRANDT AND PAINTER, JJ., concur.