DECISION AND JUDGMENT ENTRY
This is a consolidated appeal from three, thirty-day prison sentences the Erie County Court of Common Pleas, Domestic Relations and Juvenile Divisions, ordered Paul D.M. ("the father") to serve consecutively after ruling that he failed to purge himself of earlier findings of contempt by paying ordered amounts of accrued child support in three separate cases. Because we find that the trial court gave the father proper notice for the contempt hearings, and because we find that the trial court did not abuse its discretion when it ordered the three, thirty-day sentences to be served consecutively, we affirm the judgment of the trial court.
The record shows that the father has children with three different women as the mothers. Separate child support cases were initiated against the father in the Erie County Court of Common Pleas, Domestic Relations and Juvenile Divisions, for each of the three separate mothers and their respective children and separate child support orders were entered at different times in each of the cases.
The father failed to make his ordered child support payments in each of the three cases, so the Erie County Child Support Enforcement Agency ("CSEA") filed motions in each case for the father to show cause why he should not be held in contempt. The trial court sent the father three separate notices, one for each case, of a hearing to be held on the motions to show cause. In each notice, the father was informed that the hearing for that case was scheduled for the same time and date as the hearings in the other cases (February 24, 2000 at 9:00 a.m.).
Three judgment entries from the trial court record that the father appeared at the joint hearing for the motions to find him in contempt in each of the three child support order cases. In each case, the father waived his right to counsel and admitted that he was in contempt of court for failing to pay the child support previously ordered. The trial court found the father in contempt on each of the charges in three separate judgment entries, and sentenced the father to serve thirty days in jail in each case. The trial court stayed the jail sentences ordered in each case on condition that the father purge the contempt by paying specified amounts for child support owed in each of the three cases by specified dates.
When the father failed to pay the ordered amounts, the CSEA filed motions asking the trial court to impose the previously ordered jail sentences. The trial court sent the father three separate notices (one for each case) of an order to appear on the motions to impose the sentences for contempt. The time and date for the notice to appear was the same in each notice.
At the November 2000 joint hearing held on the motions to impose the previously ordered sentences, the trial court ruled that the father had not purged himself of contempt by making the ordered payments for child support. The trial court therefore ordered that the three separate thirty-day jail sentences be imposed, and ordered the sentences to be served consecutively.
On December 5, 2000, the father appealed his sentences to this court. The father also sought a stay in the trial court pending the disposition of his appeal. The trial court granted his request to stay his sentences.
The father has presented two assignments of error for consideration on appeal that are:
"ASSIGNMENT OF ERROR NO. 1
 THE COURT ERRED BY NOT GIVING THE ALLEGED CONTEMNOR NOTICE THAT HIS CONTEMPT CHARGES WOULD BE CONSOLIDATED INTO ONE HEARING
"ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ERRED BY PUNISHING THE DEFENDANT FOR HAVING AT LEAST THREE CHILDREN BY THREE DIFFERENT WOMEN IN THAT THE COURT SENTENCED HIM ON A `PER WOMAN' BASIS AS OPPOSSED [SIC] TO HIS `ONE ACT' OF NOT PAYING SUPPORT FOR `HIS CHILDREN'"
In support of his first assignment of error, the father appears to be arguing that the trial court abused its discretion when it held a consolidated hearing on each of the original motions filed by CSEA to find him in contempt for non-payment of child support. He argues that the trial court gave him no notice of the "sua sponte" consolidation. He says that he was given no warning that he "would be sentenced for three separate charges of contempt." He contends that each case prejudices the other case and asks in his brief: "How could the defendant obtain fairness when he is allegedly not paying on three different cases with three different women." Finally, he says he was never given proper notice of the range of allowable punishments, possible defenses to a charge of contempt or circumstances he could present in mitigation.
The father acknowledges that the trial court did advise him in the notice of hearing for the original motions to find him in contempt that he could be incarcerated. However, he says the notice was deficient because it did not tell him that he could be facing consecutive time for all three cases.
Because the trial court imposed sentences but then stayed them upon the condition that the father purge himself for contempt, the judgments entered from the initial joint hearing did not become final and appealable until the trial court subsequently lifted the stays and actually ordered that the sentences be imposed. Eggett v. Eggett (Feb. 3, 1995), Lake App. No. 94-L-090, unreported. This court can therefore review the proceedings in both the original joint hearing on the motions to show cause for contempt and in the later joint hearing on the motions to impose the sentences originally ordered and then stayed at the first hearing.
In his praecipes to this court for each of his appeals that were subsequently consolidated into this one appeal, the father directed the clerk of court not to include any transcript or other substitute for a transcript in the record on appeal. Accordingly, the record in this court does not include the transcript or any other substitute for the transcript from either the original joint hearing on the motions to show cause as to why the father should not be held in contempt or the later joint hearing on the motions to impose the sentences on the father for his failure to purge his contempt. This court is therefore left with no choice but to presume the propriety of the proceedings in the trial court. See Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. We therefore presume that the father did not object to the joint hearings and that he was fully advised of the possible penalties he faced (including that the sentences could run consecutively), that he was entitled to counsel to assist him and that he could raise several defenses to the charge of contempt and to the request to impose the sentences, including inability to pay. The father's first assignment of error is not well-taken and is denied.
In support of his second assignment of error, the father argues that the trial court abused its discretion when it ordered that he serve his three sentences consecutively. He says that if he had all of his children by one woman, he could only be sentenced to one, thirty-day jail term. He says that he should not be sentenced based upon the number of relationships he had that produced children, rather he should be sentenced only for his single act of not paying child support.
First, we reject the father's argument that he should be treated the same as a father who had all of his children with one woman. In the case of a father who had all of his children with one woman, the state or the mother would only be required to initiate one case to establish and enforce child support orders relating to the children born to the father and that one woman. Conversely, when a father has children by more than one woman, the state or the mothers is/are compelled to initiate separate cases to establish and enforce child support orders for the children who are born to the father with each of the different women. CSEA is therefore placed in a situation where it must handle more than one child support case relating to one father and is entitled to seek separate orders for contempt in each separate case where the father fails to meet the court ordered obligations for child support.
Next, we note that R.C. 2705.05 contains the provisions for penalties to be imposed for contempt and provides, in pertinent part:
 "(A) In all contempt proceedings, the court shall conduct a hearing. At the hearing, the court shall investigate the charge and hear any answer or testimony that the accused makes or offers and shall determine whether the accused is guilty of the contempt charge. If the accused is found guilty, the court may impose any of the following penalties:
 "(1) For a first offense, a fine of not more than two hundred fifty dollars, a definite term of imprisonment of not more than thirty days in jail, or both * * *."
The trial court in this case clearly followed the appropriate guidelines for sentencing in each of the three cases when it imposed thirty day jail terms upon the father for each of his acts of contempt. The only question that remains is whether the trial court abused its discretion when it ordered that the sentences be served consecutively.
Once again, because this court has not been provided with the transcripts or any substitute for the transcripts from the joint hearings held in the cases consolidated for appeal, we must presume the propriety of the trial court proceedings. We confirm that the trial court was empowered to order the sentences to be served consecutively, see Ayer v.Ayer (1997), 119 Ohio App.3d 571, 576-577, and find that we must presume that the order was not excessive or an abuse of discretion when the trial court considered the father's conduct in these cases. The father's second assignment of error is not well-taken.
The judgment of the Erie County Court of Common Pleas, Domestic Relations and Juvenile Divisions, is affirmed. The father is ordered to pay the court costs of this consolidated appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ________________________ Peter M. Handwork, J.
Richard W. Knepper, J. and Mark L. Pietrykowski, P.J. CONCUR.