DECISION.
{¶ 1} Defendant-appellant, Robert E. Iles, appeals the decision of the Hamilton County Court of Common Pleas, Probate Division, finding him in contempt of court. The court ordered Iles to pay $100 in civil sanctions and $690 to plaintiffs-appellees Mark J. Woodrum and Kevin J. Woodrum for their attorney fees in prosecuting the matter. We affirm.
{¶ 2} In September 2001, Mark and Kevin Woodrum filed a complaint alleging that Robert Iles, through fraud, misrepresentation, false pretenses, forgery, undue influence and duress, had secreted, destroyed, or removed assets belonging to the estate of Mildred M. Woodrum. The probate court granted a temporary restraining order that prevented Iles "from selling, disposing, encumbering or otherwise transferring any real or personal property or interest therein of the Toy Trust, of the Estate of Mildred M. Woodrum or located at 5304 Leon Court, Cincinnati, OH 45238[.]" The temporary restraining order was later converted into a preliminary injunction with identical terms.
{¶ 3} In February 2002, Mark and Kevin Woodrum moved the court to hold Iles in contempt, claiming that Iles had violated the terms of the temporary restraining order by transferring property from Leon Court to Kentucky. In a February 25, 2002, contempt hearing, Iles admitted that he had removed property from Leon Court after being served with the restraining order. Iles offered several explanations for his actions. Iles first claimed that his understanding of the restraining order was that he was only prevented from "disposing" of any property at 5304 Leon Court, which he had not done. Iles also said that he had removed only his own personal property from Leon Court to his current residence. Iles further testified that he had removed the items so that he could protect the Toy Trust assets from possible theft and to keep the business going. Despite Iles's explanations, the probate court found Iles in contempt for transferring personal property located at 5304 Leon Court.
{¶ 4} A person may be held in contempt for "disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or officer[.]"[1] Though R.C. Chapter 2705 provides statutory authority, the power of contempt is inherent in a court, "such power being necessary to the exercise of judicial functions."[2]
Decisions in contempt proceedings lie within the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion.[3] An abuse of discretion occurs if the trial court's decision is unreasonable, arbitrary, or unconscionable.[4]
A decision is unreasonable if it is unsupported by a sound reasoning process.[5]
{¶ 5} The purpose of sanctions in a case of civil contempt is to compel the contemnor to comply with lawful orders of a court, and the fact that the contemnor has acted innocently and not in intentional disregard of a court order is not a defense to a charge of civil contempt.[6] But the finding of contempt must be based upon clear and convincing evidence.[7] Clear and convincing evidence is that which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established.[8]
{¶ 6} Iles presents two assignments of error on appeal. Iles first argues that the probate court erred in finding him in contempt where no evidence was presented regarding the transfer of property. Iles repeatedly admitted in his testimony that he had removed personal property from Leon Court. But he argued that his actions did not violate the restraining order because the definition of "transfer" in the order meant a conveyance of legal title from one person to another, not the mere removal of property from one place to another.
{¶ 7} But while Iles cites Black's Law Dictionary for his definition, the Woodrums correctly point out that the complete definition of "transfer" in the dictionary is broader than just a conveyance of legal title to another person. To "transfer" also means "to convey or remove from one place or one person to another; to pass or hand over from one to another, esp[ecially] to change over the possession or control of."[9]
{¶ 8} We hold that it was not an abuse of discretion for the probate court to decide that Iles's removal of property from Leon Court was a transfer of the property. It is clear from the record that this is a complex case that involved heated disputes, and that the restraining order was the probate court's attempt temporarily to freeze the assets and property of the trust, the estate, and any property located at the former residence of Mildred M. Woodrum, until a legal solution could be reached. Iles's removal of numerous items to a location known only to him did not comply with the court's order. Iles's argument that he was unaware of the exact meaning of the terms of the order, or that he was well intentioned, even if true, is irrelevant. Accordingly, Iles's first assignment of error is overruled.
{¶ 9} Iles's second assignment of error is that the probate court abused its discretion when it made a finding of contempt that was not supported by competent or credible evidence. Iles testified that he had removed property from Leon Court after the order not to do so had been issued and served. Having decided that it was within the probate court's discretion to determine that Iles's removal of property from Leon Court constituted a transfer, we hold that Iles's own testimony provided clear and convincing evidence that he had violated the temporary restraining order, and that the probate court did not abuse its discretion when it found Iles in contempt. Accordingly, Iles's second assignment of error is overruled, and the probate court's judgment is affirmed.
Judgment affirmed.
Sundermann, P.J., and Winkler, J., concur.
[1] R.C. 2705.02(A).
[2] Denovchek v. Bd. of Trumbull Cty. Commrs. (1988), 36 Ohio St.3d 14,15, 520 N.E.2d 1362; In re Ayer (1997), 119 Ohio App.3d 571, 575,695 N.E.2d 1180. See, also, Chinnock and Painter, The Law of Contempt of Court in Ohio (2003), 34 U.Toledo L.Rev. 309.
[3] See State ex rel. Celebrezze v. Gibbs (1991), 60 Ohio St.3d 69,75, 573 N.E.2d 62.
[4] See Steiner v. Custer (1940), 137 Ohio St. 448, 31 N.E.2d 855, paragraph two of the syllabus.
[5] See AAAA Enterprises Inc. v. River Place Community UrbanRedevelopment Corp. (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597; Statev. Echols (1998), 128 Ohio App.3d 677, 699-700, 716 N.E.2d 728.
[6] See Windham Bank v. Tomaszczyk (1971), 27 Ohio St.2d 55,271 N.E.2d 815, paragraph three of the syllabus.
[7] See Brown v. Executive 200, Inc. (1980), 64 Ohio St.2d 250,253, 416 N.E.2d 610.
[8] See State v. Eppinger, 91 Ohio St.3d 158, 164, 2001-Ohio-247,743 N.E.2d 881; Cross v. Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus.
[9] Black's Law Dictionary (7 Ed.Rev. 1999) 1504.