[Cite as *Ligget v. Ligget*, 2022-Ohio-4700.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| SUSAN J. LIGGETT, | : | APPEAL NO. C-220183 |
| | | TRIAL NO. DR-1800802 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| MARC A. LIGGETT, | : | |
| Defendant-Appellee. | : | |

Appeal From:  Hamilton County Court of Common Pleas, Domestic Relations
Division

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  December 28, 2022

*Zachary D. Smith, LLC*, and *Zachary D. Smith*, for Plaintiff-Appellant,

*Taft, Stettinius, & Hollister, LLP*, and *Aimee L. Keller* for Defendant-Appellee.

**ZAYAS, Presiding Judge.**

{¶1}   Plaintiff-appellant Susan J. Liggett ("wife") appeals the judgment of the Hamilton County Court of Common Pleas, Domestic Relations Division, which dismissed her motion for contempt against defendant-appellee Marc A. Liggett ("husband").  For the reasons that follow, we reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion and the law.

## I. Factual and Procedural History

{¶2}   In September 2018, the trial court entered a decree of divorce which incorporated a separation agreement ("the agreement") between the parties.  The decree ordered that husband was to pay spousal support to wife as set forth in the agreement and provided that the court would retain jurisdiction over spousal support as set forth in the agreement.  The agreement required husband to pay wife monthly spousal support, as well as 25 percent of any "bonus" that he received within ten days of such bonus.  The agreement defined "bonus" as "any income from [husband's employer] that is not salary, accumulated time payout, taxable income from benefits such as life insurance, 401(K) match or redemption or buy-out payment for his stock in [employer]."

{¶3}   In October 2021, wife filed a motion for contempt claiming that husband was in violation of the terms of the divorce decree.  The motion asserted that it was customary for husband to receive an annual bonus.  However, in 2019, wife requested information about husband's 2018 bonus and received a response from husband's employer indicating that his only income was salary.  Wife then requested husband's last pay stub issued in 2018 but was not provided the information.  Wife waited until the following year and then requested information on husband's 2019 bonus.  She received a one-word response from husband that said, "No."  Wife averred

that husband "continues to receive this incentive compensation in another form and has refused to pay [wife] her share as required" by the divorce decree.

{¶4} Husband filed a motion to dismiss wife's motion for contempt, asserting that wife had failed to state a claim as she was only entitled to a percentage of any "bonus" that he received and he had not received any bonuses, as defined in the agreement, since the decree of divorce was journalized. Therefore, husband asserted that the court lacked jurisdiction to "modify those terms."

{¶5} In March 2022, the magistrate scheduled a hearing to address husband's motion to dismiss. Husband filed a motion to set aside the magistrate's scheduling order, arguing that wife was not entitled to a hearing as a motion to dismiss must be decided "entirely on the pleadings." The trial court granted husband's motion to set aside, vacated the hearing, and granted husband's motion to dismiss. In doing so, the trial found that it could not rely on evidence "outside the complaint," and wife had failed to state a claim as "[t]he terms of the Decree of Divorce are clear and the Court does not have jurisdiction to modify them." Wife now appeals.

## II. Law and Analysis

### A. Standard of Review and Enforcement of a Separation Agreement Generally

{¶6} "Generally, the trial court enforces the provisions of a separation agreement incorporated into a divorce decree through a contempt action." *Kell v. Verderber*, 1st Dist. Hamilton No. C-120665, 2013-Ohio-4223, ¶ 23, citing *Harris v. Harris*, 58 Ohio St.2d 303, 390 N.E.2d 789 (1979), paragraph one of the syllabus, and *Blazic v. Blazic*, 1st Dist. Hamilton Nos. C-040414 and C-040440, 2005-Ohio-4417, ¶ 20; *accord, e.g., Slater v. Slater*, 8th Dist. Cuyahoga No. 106925, 2018-Ohio-4897, ¶ 6; *Ross v. Ross*, 11th Dist. Geauga No. 2019-G-0237, 2020-Ohio-5237, ¶ 28. "The movant in a contempt proceeding must establish by clear and convincing evidence that

the obligor is in contempt." *Id.*, citing *Blazic*. "Decisions in contempt lie within the trial court's discretion." *Id.* Accordingly, "an appellate court will not reverse the trial court's decision absent an abuse of discretion." *Id.*, citing *Denovcheck v. Bd. of Trumball Cty. Commrs.*, 36 Ohio St.3d 14, 16, 520 N.E.2d 1362 (1988), and *In re Ayer*, 119 Ohio App.3d 571, 577, 695 N.E.2d 1180 (1st Dist.1997).

### B. Consideration of Evidence Outside of the Motion for Contempt

{¶7}   In her first assignment of error, wife argues that the trial court "erred when it overruled the Magistrate's Scheduling Order setting the Motion to Dismiss for evidentiary hearing." As the outset, we note that the parties rely on, and the trial court applied, Civ.R. 12(B)(6) and the pleading rule that a trial court is prohibited from considering information "outside the complaint" when ruling on a Civ.R. 12(B)(6) motion to dismiss. *See generally, e.g.*, *Maas v. Maas*, 2020-Ohio-5160, 161 N.E.3d 863, ¶ 68-69 (1st Dist.). Civ.R. 12(B)(6) allows a party to assert, by motion, a defense of "failure to state a claim" in response to "a claim for relief in any *pleading*." (Emphasis added.) Civ.R. 12(B)(6). "Pleadings" include only complaints, answers, and replies. *See* Civ.R. 7(A). A motion is not a pleading. *See* Civ.R. 7 (distinguishing "pleadings" from "motions"); *Martin v. Wayne Cty. Natl. Bank Trust & Invest. Div.*, 9th Dist. Wayne No. 03CA0079, 2004-Ohio-4194, ¶ 12. A motion is an "application to the court for an order." Civ.R. 7(B). Here, wife was seeking an order from the court finding husband in contempt. Thus, wife's motion was not a "pleading."

{¶8}   Further, wife's motion was filed pursuant to Civ.R. 75(J) to invoke the "continuing" jurisdiction of the court. *See* Civ.R. 75(J); *Slater* at ¶ 8 (" '[T]he domestic relations court has continuing jurisdiction to enforce its divorce decrees which incorporate a separation agreement' and may issue ancillary orders effecting its

former decree."); *compare* Civ.R. 3(A) (discussing "commencement" of a civil action). The rule provides,

> The continuing jurisdiction of the court shall be invoked by motion filed in the original action, notice of which shall be served in the manner provided for the service of process under Civ.R. 4 to 4.6. When the continuing jurisdiction of the court is invoked pursuant to this division, the discovery procedures set forth in Civ.R. 26 to 37 shall apply.

Civ.R. 75(J). Thus, once service of such a postjudgment motion is completed, the continuing jurisdiction of the court is invoked, and the movant may proceed with discovery. The parties do not cite to, and we could not find, any authority to support the assertion that the pleading requirements apply to a postjudgment motion to invoke the court's continuing jurisdiction under Civ.R. 75(J).

{¶9} The trial court found that it was prevented from considering any information outside of wife's motion when ruling on husband's motion to dismiss and accordingly found that the magistrate erred in setting the motion for a hearing. Because we find no authority to support such a position, we hold that the trial court erred when granting husband's motion to set aside as there was nothing which prevented the court from considering information outside of wife's motion when ruling on husband's motion to dismiss. Therefore, we sustain wife's first assignment of error.

### C. Jurisdiction to Grant the Requested Relief

{¶10} In her second assignment of error, wife argues that the trial court erred "when it ruled that the Court does not have jurisdiction to modify the terms of the Decree." Wife does not dispute that the trial court was without the authority to modify the settlement agreement between the parties. Rather, she argues that the trial court

5

based its decision on the "erroneous belief" that she was requesting the court to exercise such jurisdiction where it had none. She asserts that she was seeking enforcement of a "bargained for entitlement," a circumstance in which the court "always retains jurisdiction." On the other hand, husband argues that wife was seeking a modification of the agreement as she was asking for something "not in the clear terms of the written agreement."

{¶11} A trial court has "continuing jurisdiction to enforce the provisions of the separation agreement incorporated into the divorce decree through a post-decree motion for contempt." *Kell*, 1st Dist. Hamilton No. C-120665, 2013-Ohio-4223, at ¶ 20; *see Slater*, 8th Dist. Cuyahoga No. 106925, 2018-Ohio-4897, at ¶ 6. On the other hand, the divorce decree in this case provided that the court would retain jurisdiction over spousal support "as set forth in the agreement." The agreement provides,

> The spousal support shall be modifiable only upon Husband's disability or Husband's involuntary reduction in income from his earnings (through W-2 or 1099 or K-1) to less than $180,000 per year. * * * The court does not have jurisdiction to increase the support beyond the amounts in this agreement for any reason *and the court does not have jurisdiction to change the term* [sic] *of spousal support.*

(Emphasis added.) Thus, whether the court had jurisdiction to order the relief that wife was seeking comes down to whether wife was seeking a modification of the agreement or to enforce the provisions of the agreement.

{¶12} The trial court dismissed wife's motion after finding that she was seeking to modify the agreement. We disagree. Wife's argument was that husband changed the form in which he received incentive compensation to circumvent the court's order that he pay wife 25 percent of any bonus that he received. Thus, she was

seeking a determination on whether husband's behavior constituted contempt. She was not seeking to modify the terms of the agreement. " 'The trial court is empowered to "determine the kind and the character of conduct that constitutes contempt." ' " *Veach v. Adams*, 1st Dist. Hamilton No. C-220072, 2022-Ohio-4031, ¶ 15, citing *Bohannon v. Lewis*, 1st Dist. Hamilton Nos. C-210316 and C-210332, 2022-Ohio-2398, ¶ 47. Because the trial court dismissed wife's motion without considering whether husband's alleged behavior constituted contempt, we hold that the trial court abused its discretion when dismissing wife's motion for contempt. Therefore, we sustain wife's second assignment of error.

### III. Conclusion

{¶13} For the foregoing reasons, we sustain the assignments of error and reverse the judgment of the trial court. This cause is remanded to the trial court for further proceedings consistent with this opinion and the law.

Judgment reversed and cause remanded.

**CROUSE** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its own entry this date.