OPINION
{¶ 1} Defendant, Carl C. Schaefer, appeals from a judgment ofthe domestic relations division of the court of common pleasfinding him in contempt of temporary orders the court hadissued.
 {¶ 2} Plaintiff, Ethel M. Schaefer, commenced the underlyingaction for divorce against Carl C. Schaefer on February 12, 2003.The matter was referred to the court's magistrate. After ahearing, the magistrate recommended several temporary orderswhich the trial court adopted on April 16, 2003.
 {¶ 3} With respect to the parties' marital residence,Carl[1] was "Ordered to vacate the premises Immediately"and Ethel was "granted exclusive use of the marital residence."(Paragraph 6).
 {¶ 4} With respect to temporary spousal support, the followingtwo orders issued:
 {¶ 5} "3. TEMPORARY SPOUSAL SUPPORT
 {¶ 6} "DEFENDANT shall pay for temporary spousal support tothe PLAINTIFF the amount of $1,000 per month plus processing fee,beginning 4/1/03, and totaling $1,020 per month, includingprocessing fee, plus necessary medical expenses.
 {¶ 7} "DEFENDANT to pay $250 partial attorney fees within 90days.
 {¶ 8} "4. Payment of Child and Spousal Support
 {¶ 9} "Child support and spousal support shall be paid bypayroll deduction order (if Payor is employed) or by financialinstitution deduction order (only if Payor is self-employed)and shall be paid in equal installments corresponding to thePayor's pay periods to the Greene County Child SupportEnforcement Agency (CSEA), P.O. Box 9, Xenia, Ohio 45385.
 {¶ 10} "Deduction order shall be prepared by the CSEA. To bededucted from Provident Bank, Acct. #6119-412, Beavercreek OH."
 {¶ 11} Ethel filed charges in contempt on May 5, 2003,alleging that Carl had failed to comply with the court'stemporary orders. Hearings were held before the magistrate, whoon June 25, 2003, recommended that Carl be found in contempt forfailing to pay spousal support, as ordered. The magistraterecommended that Carl be ordered to pay the $3,000 in temporarysupport then in arrears, and that he be sentenced to serve tendays in jail on the contempt, to be suspended if spousal supportwas brought current. The magistrate also recommended that Carl befound in contempt for failing to vacate the marital residence, asordered, but recommended no penalty because he had since left.The magistrate also recommended that Ethel be awarded $500 as andfor attorney fees.
 {¶ 12} Carl filed objections to the magistrate's decision. Thecourt overruled the objections on October 16, 2003. Carl filed atimely notice of appeal.
 FIRST ASSIGNMENT OF ERROR {¶ 13} "The court erred and abused its discretion by holdingappellant in contempt for violation of a spousal support courtorder that did not exist."
 SECOND ASSIGNMENT OF ERROR {¶ 14} "The court's judgment of holding appellant in contemptof court for failure to pay spousal support is an abuse ofdiscretion and against the manifest weight of the evidence.
 {¶ 15} The evidence presented only supports the conclusionthat appellant did not interfere with the temporary court orderby intentionally or willfully denying spousal support toappellee.
 {¶ 16} The evidence proved that appellant did not dissipatemarital funds to prepare living quarters for himself to defeatspousal support."
 {¶ 17} A trial court's finding of contempt will not bedisturbed on appeal absent an abuse of discretion. State ex rel.Delco Moraine Div, Gen. Motors Corp. v. Indus. Comm. (1990),48 Ohio St.3d 43, 44. Abuse of discretion connotes more than a mereerror of law; it implies that the court's attitude isunreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 18} Contempt lies only when it is within the contemnor'spower to perform the act prescribed by the court order and hefails to do so. Wilson v. Columbia Gas Co. (1928),118 Ohio St. 319, 328-329. The order must dispose of the matters at issue withsufficient clarity to allow the persons affected to determine,with reasonable certainty, the duties which have been imposed.Hardin v. Hardin (1952), 65 Ohio Law Abs. 538 quoting 23 OhioJurisprudence, Sec 153, p. 621.
 {¶ 19} The temporary order imposed a spousal supportobligation on Carl. However, the order also provided that thesupport would be paid out of funds in a specific bank accountpursuant to a deduction order prepared by the Child SupportEnforcement Agency ("CSEA"). The payments were not made becauseCSEA neglected to prepare the order. The magistrate found that,nevertheless, Carl was "fully aware that spousal support was tobe effective April 1, 2003 . . . (but) . . . made no effort whatso ever to pay the spousal support and was just sitting back andwaiting for it to be deducted from his Provident Bank account."
 {¶ 20} In recent years, and largely in response to therequirements attached to federal funding, legislation has beenenacted which enhances the role and authority of child supportenforcement agencies, to a point where they operate almostindependently of judicial control. CSEAs may prepare, file, serveand enforce child support orders, as the CSEA was directed to doin the present case. See Sowald/Morganstern, Baldwin's DomesticRelations Law (Fourth Ed.) Chapter 22. Courts have come to employthe CSEAs as well in matters of spousal support, as the courthere did.
 {¶ 21} Carl may, as the magistrate found, have just sat backand waited for the CSEA to act, but the court's temporary orderimposed no duty on him to do otherwise with respect to payment ofhis support obligation. Had he paid the amounts directly, CSEA'srecords would not reflect the payment. Indeed a double paymentmight result, and/or Carl's own efforts could have drained theaccount, preventing payment pursuant to a CSEA deduction order.
 {¶ 22} The trial court rejected Carl's objections to themagistrate's contempt recommendation, noting that Carl didn'tfile objections to the temporary order. However, the objectionsfor which Civ.R. 53(E)(3) provides that may be taken from amagistrate's ultimate decision on a matter referred don't applyto temporary support orders a magistrate issues, and in thisinstance would have been a vain act.
 {¶ 23} Magistrates are authorized by Civ.R. 75(N) and Civ.R.53(C)(3)(a) to issue temporary support orders without judicialapproval. An appeal may be taken to the court within ten days.Civ.R. 53(C)(3)(b). Here, however, the temporary support ordersthe magistrate issued on April 15, 2003 were adopted by the courtthe following day, on April 16, and then filed. Carl might haveasked the court to reconsider, but no Civ.R. 53(C)(3)(a) appealwas feasible. In any event, it is unclear just what Carl mighthave appealed vis-a-vis the contempt the magistrate and the courtlater found.
 {¶ 24} The temporary order imposed a duty on CSEA, not onCarl, to prepare the deduction order by which the temporarysupport the court ordered Carl to provide Ethel would be paid.CSEA's failure to act does not support a finding that Carlwilfully violated the court's support order. Therefore, the courtabused its discretion when it found Carl in contempt on thataccount.
 {¶ 25} The first and second assignments of error aresustained.
 THIRD ASSIGNMENT OF ERROR {¶ 26} "The court's judgment in holding appellant in contemptof court for willfully and intentionally failing to vacate themarital premises is an abuse of discretion."
 FOURTH ASSIGNMENT OF ERROR {¶ 27} "The court abused its discretion by holding appellantin contempt for not vacating the marital premises in a moreimmediate manner."
 {¶ 28} Failure to comply with a court order to vacate iscontempt when, among other things, the contemnor fails to showcause for not leaving the premises, See E.g. Krepfl v. Krepfl(March 6, 1992), Lake App. Nos. 91-L-014, 91-L-015. The fact thatthe contemnor did not intend to disobey the court order or thathe acted in good faith is not a defense to civil contempt.Windham Bank v. Tomaszczyk (1971), 27 Ohio St.2d 55, 58; Stateex. rel Adams v. Sobb (1988), 39 Ohio St.3d 34, 36.
 {¶ 29} The temporary order that issued on April 16, 2003required Carl to leave the marital residence "immediately."Evidence offered at the hearing on the contempt charges showsthat Carl didn't vacate the residence until June 16, two monthslater and only two days before the contempt hearing.
 {¶ 30} Carl attributed the delay to the need to improve arun-down rental property he owned in order to make it habitable.Carl offered photos of the property and the testimony of CynthiaBurchette, whom he hired to remove debris, to show that theproperty was full of trash, infested with animals, had a badlydamaged roof, and lacked windows, lockable doors, and potablewater. Carl testified that he spent $10,650 to make the propertyhabitable, and then moved there after vacating the maritalresidence.
 {¶ 31} The magistrate found that the condition of thatparticular property, bad as it was, didn't prevent Carl frommoving from the marital residence to a different location whilethe repairs took place. She suggested that Carl might have lodgedwith his grown children, who were willing to take him in. Carlrejected that alternative. He said that he had wanted possessionof a motor home the parties owned to use as his residence, butthe magistrate denied him that.
 {¶ 32} The trial court likewise rejected Carl's objections,finding that Carl had failed to show that he was unable to findliving quarters apart from the marital residence.
 {¶ 33} Carl doesn't deny that he was fully aware of therequirements of the temporary order that he vacate the maritalresidence immediately. If he had $10,650 with which to improvethe property to which he later moved, he had the resources torent other quarters for the time the repairs took. That optionwas available to him. Carl's failure to employ it supports afinding of contempt.
 {¶ 34} The third and fourth assignments of error areoverruled.
 FIFTH ASSIGNMENT OF ERROR {¶ 35} "The court abused its discretion by awarding theappellee attorney fees without a reasonable basis for doing so."
 {¶ 36} The magistrate recommended that Ethel be awarded $500as and for attorney fees because she was required to prosecutecharges in contempt. The trial court rejected Carl's objection tothe recommendation, noting that "[t]he fees would not have beenincurred if the Defendant had complied with the temporaryorder."
 {¶ 37} A spousal support obligee may initiate a contemptaction for failure to pay the support. R.C. 2705.031(B)(1). Thecourt may properly award attorneys fees as costs in the action.Fry v. Fry (1989), 64 Ohio App.3d 519. That authority islargely inapplicable when no contempt is found or, as here, thefinding is reversed for an abuse of discretion.
 {¶ 38} Neither the magistrate nor the court related theattorneys fees award exclusively to the spousal support issue,however. Carl's failure to move from the marital residence asordered constitutes contempt of the court's temporary order. Thecourt could reasonably find that Ethel required the award inorder to protect her interest as the party who was grantedexclusive use of the marital residence. R.C. 3105.18(H). We haveheld that the section authorizes an award of attorneys fees in aproceeding to enforce a court's order. Donese v. Donese (Sept.9, 2000), Greene App. No. 2000-CA-17.
 {¶ 39} Carl argues that, nevertheless, the court abused itsdiscretion when it ordered him to pay $500 as and for attorneyfees because Ethel offered no evidence that the amount of feeswas reasonable, or even incurred. It is surely likely that somefee was incurred. Also, where the fee is nominal in amount, noshowing of reasonableness is required. Wolech v. Foster (1994),98 Ohio App.3d 806. A fee award in the amount of $500 has beenheld to be nominal. Beadle v. Beadle (March 15, 2004), SciotoApp. No. 03CA2911, 2004-Ohio-1400.
 {¶ 40} The fifth assignment of error is overruled.
 Conclusion {¶ 41} Having sustained the first and second assignments oferror, we will reverse and vacate the trial court's judgment ofcontempt for failure to pay temporary spousal support and thejail sentence imposed thereon. Otherwise, the judgment from whichthe appeal was taken will be affirmed.
 Brogan, J. and Young, J., concur.
[1] For convenience and clarity, the parties will be identified by their first names.