OPINION
{¶ 1} Carl Schaefer is appealing the judgment of the Greene County Common Pleas Court that held him in contempt for failure to make court ordered spousal support payments.
 {¶ 2} Carl and Ethel Schaefer[1] were married for fourteen years. The parties divorced in 2003. In April of 2003, the trial court issued a temporary order for Carl to pay Ethel spousal support in the amount of $1000 a month. The order directed the Child Support Enforcement Agency (hereinafter "CSEA") to issue a deduction order for the money to be withdrawn from one of Carl's banking accounts as he was selfemployed. After a couple of months without receiving any funds, Ethel filed a motion to hold Carl in contempt for failure to pay child support. The trial court found Carl in contempt and he appealed that judgment.
 {¶ 3} In this Court's decision in June of 2004, we found that the trial court erred in holding Carl in contempt for failure to pay temporary spousal support. In our decision, we stated that CSEA was obligated to issue a deduction order to remove the funds from Carl's account and that the failure by CSEA to do so had prevented the spousal support payments from being made. Additionally, the appeal addressed a finding of contempt for his failure to vacate the marital premises. This Court upheld the contempt order as it applied to Carl's failure to leave the marital residence. As part of the contempt order, the trial court imposed attorney fees. The attorney fees were also upheld on appeal given Carl's failure to timely vacate the marital premises.
 {¶ 4} While the trial court's original order of contempt was on appeal the trial court issued another contempt order against Carl for his failure to pay spousal support. Carl did not appeal from this order. Also, at some point during this time frame, CSEA filed a deduction order for the temporary spousal support payments to be taken from Carl's banking account listed in the court's order. By the time that this Court rendered its decision on Carl's appeal, the trial court was considering a third motion to hold Carl in contempt for his failure to pay spousal support pursuant to the court order. On June 17, 2004, following this Court rendering its decision, the trial court ruled on this third motion. The trial court held Carl in contempt of its order and ordered him to pay Ethel a $13,000 arrearage on the temporary support, and unpaid attorney fees and costs in the amount of $1,700.
 {¶ 5} Carl has filed this appeal from the trial court's third order holding him in contempt for his failure to pay temporary spousal support, raising the following assignments of error:
 {¶ 6} "I. The trial court erred and abused its discretion by holding appellant in contempt for violation of a spousal support court order that did not exist.
 {¶ 7} "II. The trial court's judgment of holding appellant in contempt of court for failure to pay spousal support is against the manifest weight of the evidence and an abuse of discretion.
 {¶ 8} "a. The evidence only supports the conclusion that appellant did not interfere with the temporary court order by intentionally or willfully denying spousal support to appellee.
 {¶ 9} "b. The trial court abused its discretion by finding appellant in contempt on identical charges to those that the second district court of appeals overturned in its opinion of June 4, 2004.
 {¶ 10} "III. The trial court abused its discretion by awarding appellee attorney fees and costs where the basis for the fees, contempt, is erroneous."
 Appellant's first assignment of error: {¶ 11} Carl argues that the trial court abused its discretion in determining that he was in contempt of the temporary spousal support order when it did not specifically order him to place and maintain funds in the account from which CSEA was directed to withdraw spousal support payments. We disagree.
 {¶ 12} A finding of contempt by a trial court will only be reversed upon a finding of abuse of discretion. State ex rel. Ventrone v. Birkel
(1981), 65 Ohio St.2d 10, 11. An abuse of discretion amounts to more than an error in judgment but implies the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 13} Contempt can only occur where the contemnor has the power to perform the act listed in the court order but fails to do so. Wilson v.Columbia Cas. Co. (1928), 118 Ohio St. 319, 328-329. The court order with which the contemnor must comply should state the duties with sufficient clarity to allow the persons affected by it the ability to determine with reasonable certainty exactly what duties are imposed. Hardin v. Hardin
(1952), 115 N.E.2d 167.
 {¶ 14} The temporary order of spousal support in this case provided as follows:
 {¶ 15} "3. Temporary spousal support
 {¶ 16} "DEFENDANT shall pay for temporary spousal support to the PLAINTIFF the amount of $1,000 per month plus processing fee, beginning 4/1/03, and totaling $1,020 per month, including processing fee, plus necessary medical expenses.
 {¶ 17} "DEFENDANT to pay $250 partial attorney fees within 90 days. "4. PAYMENT OF CHILD AND SPOUSAL SUPPORT
 {¶ 18} "Child support and spousal support shall be paid by payroll deduction order (if Payor is employed) or by financial institution deduction order (only if Payor is self-employed) and shall be paid in equal installments corresponding to the Payor's pay periods to the Greene County Child Support Enforcement Agency (CSEA), P.O. Box 9, Xenia, Ohio 45385.
 {¶ 19} "Deduction order shall be prepared by the CSEA. To be deducted from Provident Bank, Acct. # 6119-412, Beavercreek OH."[2]
 {¶ 20} In this case, Carl was self employed so his spousal support payments were to be made through a financial institution deduction order.
 {¶ 21} Carl argues that the trial court abused its discretion by holding him in contempt because the temporary support order did not place an affirmative duty on him to act. Absent such an order affirmatively instructing him to act, Carl contends there was nothing with which he was to comply. Carl asserts that in order for him to have been held in contempt, the trial court's order must have ordered him to deposit and leave funds in the account from which CSEA was to deduct the support payments. We do not agree with Carl that he had to be specifically ordered to leave sufficient funds in the account to meet the spousal support obligation. The trial court order clearly required Carl to pay the amount of $1000 to Ethel as spousal support each month. The court's order further directed that the spousal support was to be paid via a financial institution deduction order by CSEA from a specific account, Provident Bank, Acct. # 6119-412, in Beavercreek, Ohio. This order is stated with sufficient clarity. Carl was on notice that he had a duty to leave funds in the account sufficient to cover the monthly spousal support obligation. Thus, we see no abuse of discretion in the trial court holding Carl in contempt. Carl had the power to do so but chose not to comply.
 {¶ 22} Carl's first assignment of error is without merit and overruled.
 Appellant's second assignment of error: {¶ 23} Carl argues that the trial court's judgment finding him in contempt is against the manifest weight of the evidence because the evidence only supports the finding that he did not willfully and intentionally deny Ethel her spousal support. Also, Carl asserts that the trial court's judgment is an abuse of discretion because it is in conflict with this Court's previous decision in Schaefer v. Schaefer,
Greene App. No. 03CA0085, 2004-Ohio-2956. We disagree.
 {¶ 24} A trial court's decision in a civil matter is not against the manifest weight of the evidence provided it is based on competent, credible evidence that goes to each element of the case. State v.Wombold (Feb. 19, 1999), Montgomery App. No. 17191, unreported, p. 3, citing Seasons Coal v. Cleveland (1984), 10 Ohio St.3d 77.
 {¶ 25} Carl asserts that he did not take any action to interfere with the CSEA deducting funds from the account and that the record supports this contention. Further, Carl testified that as of June 18, 2003, the account had sufficient funds to satisfy the CSEA's deductions for April and May of 2003. However, at the hearing in June of 2004, Carl testified that he had taken out the money that had been in the account for his necessary expenses. (6/2/2004 Tr. 79.) Although Carl testified that he deposited money in the account, he also stated that he had withdrawn the money from the account despite knowing that it was supposed to be for spousal support. (Id. 78-79.) The evidence establishes that although Carl did not take any actions to prevent the CSEA from issuing its deduction order, his conduct of either withdrawing funds or failing to deposit sufficient funds in the account deprived his former spouse of support.
 {¶ 26} As we said in the first assignment of error, we think the court's order was sufficiently clear that Carl was required to deposit the monthly spousal support into the specified account for the CSEA to withdraw through its deduction order. We do not agree with Carl that in order to hold him in contempt the court's order had to specifically require him not only to deposit the spousal support funds into the account but also to leave the funds in the account. Clear, convincing evidence was presented at the hearing that Carl withdrew funds from the account from which CSEA was to deduct the spousal support payments, such that the account no longer had sufficient funds to cover the deduction. We agree with the trial court that this was a violation of the court's order. Therefore, the trial court's finding that Carl was in contempt of its order was not against the manifest weight of the evidence.
 {¶ 27} Carl further maintains that if this Court upholds the trial court's finding of contempt then its judgment violates the principles of stare decisis because of this Court's previous decision in Schaefer v.Schaefer, Greene App. No. 03CA0085, 2004-Ohio-2956. We disagree. In the original appeal, we did not reach the issue of whether the court's order required Carl to deposit sufficient funds in the account for spousal support payments to be deducted by CSEA. In that appeal, a threshold issue existed because the CSEA had not yet issued the deduction order. Thus, Carl did not have the power to comply with the court ordered spousal support because even if he placed sufficient funds in the account, the CSEA had not issued the deduction order to withdraw the funds. In the first appeal, we held that Carl could not be held in contempt when CSEA had failed to comply with the court order. That threshold issue is not present in the current appeal because the CSEA has since issued the deduction order and attempted to withdraw funds from the account. In the current appeal, the reason spousal support payments are not being made is because Carl has not placed sufficient funds in the account. CSEA has now met its obligations and this appeal addresses Carl's failure to maintain money in the account to cover support. Therefore, we are examining a different situation and a different issue than was addressed in the first appeal. Thus, the doctrine of stare decisis does not require us to reach the same conclusion as in the first appeal. Our analysis of the situation raised in this appeal has determined that the trial court was correct in finding Carl in contempt of its order. We cannot say the trial court abused its discretion by finding Carl in contempt despite our previous decision in Schaefer, supra.
 {¶ 28} Carl's second assignment of error is without merit and overruled.
 Appellant's third assignment of error: {¶ 29} Carl argues that the trial court abused its discretion in awarding Ethel attorney fees and costs where the basis for the fees was the court's contempt finding, which Carl asserts was in error. We disagree.
 {¶ 30} A party may bring a contempt action for the failure to pay spousal support, and in hearing the action, the court has the power to award attorney fees as costs. R.C. 2705.031(B)(1); Fry v. Fry (1989),64 Ohio App.3d 519; Schaefer, supra.
 {¶ 31} Carl argues that the trial court erred in determining that he was in contempt and in ordering attorney fees and costs pursuant to that finding. As we have already determined in the previous assignments of error, the trial court was correct in determining that Carl was in contempt of its order and the lower court had the power to award attorney fees. Thus, we cannot say that the trial court abused its discretion in awarding Ethel attorney fees and costs pursuant to the contempt finding. Carl's third assignment of error is without merit and overruled.
 {¶ 32} The judgment of the trial court is affirmed.
Brogan, P.J. and Young, J., concur.
(Hon. Frederick N. Young sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
[1] In the interest of clarity, the parties will hereinafter be referred to by their first names.
[2] Although Plaintiff/Appellee asserts that other orders by the trial court specifically order Carl to pay the support directly to CSEA, we were unable to find such orders in the record. However, even utilizing the April 2003 temporary support order as Defendant/Appellant suggests, we reach the same conclusion as if the court ordered Carl to pay CSEA directly.